1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| UNITED STATES OF AMERICA,                                              | )   | 1: 11-cv-01150-BAM                                       |
|------------------------------------------------------------------------|-----|----------------------------------------------------------|
|                                                                        | )   |                                                          |
| Plaintiff,                                                             | )   |                                                          |
|                                                                        | )   | ORDER DENYING CLAIMANT'S MOTION                          |
| v.                                                                     | )   | TO RELEASE VEHICLE                                       |
|                                                                        | )   |                                                          |
| 2005 MERCEDES BENZ E500, LICENSE:                                      | )   |                                                          |
| 5KRF178, VIN: WDBU70J85A664340,                                        | )   |                                                          |
|                                                                        | )   |                                                          |
| Defendant.                                                             | )   |                                                          |
|                                                                        | )   |                                                          |

17

## I.   INTRODUCTION

18    Pending before the Court is Claimant Judy Ee's ("Claimant") petition for an Order

19    directing Plaintiff United States of America to release Claimant's seized vehicle pursuant to 18

20    U.S.C. § 983(f)(3)(A).  (Doc. 21.)   The seized vehicle is a 2005 Mercedes Benz E500, License

21    No.: 5KRK178, VIN: WDBU70J85A664340 (hereinafter referred to as the "Subject Vehicle").

22    The Subject Vehicle was seized by the United States on March 2, 2011, and is currently in the

23    custody of the Department of Homeland Security, Customs and Border Protection, Eastern

24    District of California.  (Pl.'s Compl. ¶ 2, Doc. 1.)

25    The United States filed its Opposition on February 24, 2012. (Doc. 30.)   Claimant filed

26    her Reply Brief on March 2, 2012.  (Doc. 33.)   The Court examined the motion and determined

27    that this matter was suitable for decision without oral argument pursuant to Local Rule 230(g).

28    (Doc. 35.)   The hearing scheduled for March 9, 2012 was vacated.  *Id.*   The parties have

consented to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 23, 24.)  Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court DENIES Claimant's Motion to Release Vehicle.

## II.        BACKGROUND

The United States of America filed this action *in rem* to enforce provisions of 18 U.S.C. § 981(a)(1)(A), providing for the forfeiture of any property involved in or traceable to a violation of the anti-money laundering provisions of 18 U.S.C. §§ 1956 and 1957.  The United States also seeks to enforce the provisions of  18 U.S.C. § 981(a)(1)(D), which allows for the forfeiture of proceeds traceable to mail fraud, in violation 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; and 18 U.S.C. 981(A)(1 )(c), which otherwise provides for forfeiture of any property traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such an offense.  (Pl.'s Compl., ¶ 1, Doc. 1.)

The United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") conducted an investigation of Kwan Yong Choi, also known as Daniel Choi (hereinafter referred to as "Choi") and his wife, Bok Hee Ee, regarding involvement in multiple fraud schemes.  (Pl.'s Compl., ¶ 5, Doc. 1.) )  Specifically, the United States alleges Choi misrepresented himself under various false pretenses to multiple Korean nationals as part of a fraudulent investment scheme.  (Pl.'s Compl., ¶ 11, Doc. 1.)  The United States alleges Choi defrauded multiple victims of approximately $2,638,542.00.  (Pl.'s Compl., ¶ 12, Doc. 1.)

The alleged fraud schemes involved several bank accounts used by Choi and Bok Hee Ee for laundering victim funds.  (Pl.'s Compl., ¶¶ 6-9, 12-15, Doc. 1.)  Two bank accounts controlled by Choi were used to deposit victim funds (the "Deposit Accounts").   (Pl.'s Compl., ¶¶ 11-12, Doc. 1.)  In an effort to conceal the source of the funds, the funds were transferred from the Deposit Accounts to several accounts controlled by both Choi and Bok Hee Ee (the "Transfer Accounts").  (Pl.'s Compl., ¶ 13, Doc. 1.)

The United States alleges Bok Hee Ee opened a home-equity line of credit for $70,000.00 (the "HELOC") using a residential piece of property as the underlying collateral (the "Real Property"). (Pl.'s Compl., ¶ 6, Doc. 1.)  The Real Property is currently held in joint tenancy by Bok Hee Ee and Claimant. (Pl.'s Compl., ¶ 6, Doc. 1.); (Claimant's Ans., ¶ 6, Doc. 7.)   The United States alleges that Choi and Bok Hee Ee used the Transfer Accounts to pay down the balance on the HELOC.   (Pl.'s Compl., ¶ 13, Doc. 1.)  The United States further alleges that Choi and Bok Hee Ee used the HELOC to transfer funds back to the Transfer Accounts. *Id.*   The United States alleges that at least $184,823.05 in Transfer Account funds were deposited in the HELOC. *Id.*

The United States alleges that $11,000.00 was withdrawn against the HELOC as a down payment on the Subject Vehicle.  (Pl.'s Compl., ¶ 8, Doc. 1.)  The United States further alleges that an additional $9,000.00 down payment on the Subject Vehicle was made from a Deposit Account.  (Pl.'s Compl., ¶ 15, Doc. 1.)  The remaining balance on the Subject Vehicle ($34,517.49) was subsequently paid off through the Deposit Accounts. *Id.*  On May 19, 2010, Bok Hee Ee transferred registration and title of the Subject Vehicle to Claimant, as a gift. (Declaration of Heather Jones ("Jones Decl."), Attach. 1, Doc. 31.); (Claimant's Mot. For Release of Vehicle, 1: 25-27, Doc. 21.)  Claimant is Bok Hee Ee's daughter. (Pl.'s Compl., ¶ 6, Doc. 1.)

### III.   DISCUSSION

Claimant seeks release of the Subject Vehicle under the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983(f) ("CAFRA").  CAFRA sets forth four factors that the Court should weigh in considering a petition for the release of seized property:

> (A) [whether] the claimant has a possessory interest in the property;
>
> (B) [whether] the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>
> (C) [whether] the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

1
2
3

(D) [whether] the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding.

4   18 U.S.C. § 983(f)(1)(A)-(D).  The burden is on Claimant to prove that she has satisfied all the

5   requirements of 18 U.S.C. § 983(f).  *United States v. Undetermined Amount of U.S. Currency,*

6   376 F.3d 260, 264, 268 (4th Cir. 2004).

7        A claimant seeking possession of seized property under 18 U.S.C. § 983(f)(1) must first

8   request the hardship release from the appropriate official, and the request must set forth the basis

9   identified by statute.  18 U.S.C. § 983(f)(2).  If the property is not released after 15 days from the

10  date of the request, the claimant may petition the District Court for the district in which the

11  property was seized for the release of the property.  18 U.S.C. § 983(f)(3).

12       Here, Claimant requested a hardship release from the Department of Homeland Security

13  (Claimant's Mot. For Release, Attach. 1, Doc. 21), which was denied.  (Claimant's Mot. For

14  Release, Attach. 2, Doc. 21.)  The Subject Vehicle was seized at the Real Property in Fresno,

15  California (Pl.'s Compl., ¶ 2, Doc. 1), which is within this district.  Accordingly, this Court may

16  properly consider Claimant's Motion for Release.

17  **A.     Claimant Has A Possessory Interest in the Property**

18       Claimant has the burden of demonstrating that she has a possessory interest in the

19  property.  18 U.S.C. § 983(f)(1)(A); *In re Petition of Moran,* 2009 WL 650281 (S.D. Cal., Mar.

20  10, 2009).   "In order to contest a forfeiture, a claimant need only have some type of property

21  interest in the forfeited items. This interest need not be an ownership interest; it can be any type

22  of interest, including a possessory interest." *United States v. $191,910.00 in U.S. Currency*, 16

23  F.3d 1051, 1057 (9th Cir. 1994).

24       Here, Claimant has a possessory interest in the Subject Vehicle.  The undisputed evidence

25  demonstrates that the Subject Vehicle was given to, and exclusively used by the Claimant.

26  (Claimant's Mot. For Release of Vehicle, 2: 19-26, Doc. 21.)  Moreover, the registration and title

27  to the Subject Vehicle are in Claimant's name.  (Jones Decl., Attach. 1, Doc. 31.)  This evidence

28

1    is sufficient to show a possessory interest for purposes of  18 U.S.C. § 983(f)(1)(A).

2        The United States argues that Claimant does not have a possessory interest in the Subject

3    Vehicle because the Subject Vehicle was gifted to Claimant, and thus, Claimant is not a  bona

4    fide purchaser of the Subject Vehicle.  In Claimant's Reply Brief, Claimant responds that the

5    United States' bona fide purchaser argument confuses the innocent owner defense under the

6    CAFRA with the constitutional concept of standing.

7        The Court agrees with the Claimant.  Whether a claimant is a bona fide purchaser is not a

8    factor in considering release of property under 18 U.S.C. § 983(f)(1)(A).  The United States

9    conflates the analysis required under the "Innocent Owner Defense" of Section 983(d) with the

10   term "possessory interest" in Section 983(f).  The Innocent Owner Defense under Section 983(d)

11   focuses on a third party buyer's detachment to criminal activities in connection to the seized

12   property, which is objectively verifiable, in part, by demonstrating they were a bona fide

13   purchaser of the property. *See* 18 U.S.C. § 983(d)(3)(A)(I).  There are no requirements under

14   Section 983(f) that one must be a bona fide purchaser to have a possessory interest in a seized

15   item.

16   **B.    Claimant Does Not Have Sufficient Ties to the Community**

17       Claimant has the burden of demonstrating that she has sufficient ties to the community to

18   provide assurance that the property will be available at the time of the trial.  18 U.S.C. §

19   983(f)(1)(B);  *United States v. Undetermined Amount of U.S. Currency,* 376 F.3d 260, 264, 268

20   (4th Cir. 2004).  For purposes of this subsection, sufficient ties to the community are generally

21   found when an individual is "born and raised" or resides in the community.  *In Re Petition of*

22   *Moran,* 2009 WL 650281 (S.D. Cal. Mar. 10, 2009).

23       Here, Claimant has not presented evidence to demonstrate sufficient ties to the Fresno

24   community.  Claimant does not reside in the Fresno community, and Claimant's only connection

25   to the Fresno community is the Real Property, which is used for rental purposes only.

26       Claimant argues she has sufficient ties to the Fresno community because she is an

27   American citizen; owns real estate in this community; has lived and been employed in the

28

1  Sunnyvale/San Jose area for the past 11 years; is married with a child in the Sunnyvale/San Jose

2  community; has no criminal record and is not implicated in Choi's fraudulent activities.

3        While Claimant's evidence demonstrates Claimant has strong ties to the Sunnyvale/San

4  Jose community, the relevant community is Fresno, California.  Section 983(f)(1)(B) does not

5  allow for strong ties to a neighboring community to suffice as sufficient ties to the relevant

6  community.  Moreover, because Claimant seeks release of property which is transitory in nature

7  (the Subject Vehicle), Claimant's lone tie to the relevant community - the Real Property, used for

8  rental purposes only - does not create a sufficient tie to the Fresno community.  Claimant's lack

9  of ties to the Fresno community supports an adverse finding for this factor.

10  **C.    Continued Possession of the Subject Vehicle Would Not Cause Substantial Hardship**

11  **to Claimant**

12        Claimant has the burden of demonstrating that continued possession by the United States

13  pending the final disposition of forfeiture proceedings will cause substantial hardship to the

14  Claimant.  18 U.S.C. § 983(f)(1)(C).  Although § 983(f) does not define "hardship," it provides

15  some examples of the hardship Congress deemed sufficient as grounds for release of seized

16  property, i.e. hardship "preventing the functioning of a business, preventing an individual from

17  working, or leaving an individual homeless." § 983(f)(1)(C).  These examples supply a basis on

18  which to assess the Claimant's asserted hardship.  *U.S. v. Undertermined Amount of U.S.*

19  *Currency,* 376 F.3d 260, 265 (4th Cir. 2004).

20        Claimant argues continued possession by the United States would cause substantial

21  hardship for the following reasons: (1) Judy Ee and her husband work at separate places of

22  employment and are currently forced to car-pool to work (Clmt.'s Mot. Release Vehicle, 3: 4-6,

23  Doc. 21);  and (2) Bok Hee Ee has no form of transportation when Judy Ee and her husband are

24  at work, and has no way to run errands or take care of emergencies with Judy Ee's child (who

25  Bok Hee Ee watches over during the day).   (Clmt.'s Mot. Release Vehicle, 3: 6-8, Doc. 21.)  The

26  United States responds that Claimant has failed to show any hardship.  (U.S. Op., 7: 12-18, Doc.

27  30.)  The United States argues that the claimed hardship is on behalf of Bok Hee Ee, not

28

6

1  Claimant.  (U.S. Op., 7: 12-18, 8: 5-10, 15-16, Doc. 30.)

2      The Court agrees with the United States.  Claimant has not shown a substantial hardship

3  if the Subject Vehicle were not released.  Claimant's Motion acknowledges that she is able to

4  continue working and is able to commute to work by car-pooling with her husband.  The need for

5  the Subject Vehicle is as a convenience to the Claimant rather than a necessity. The Subject

6  Vehicle is needed to transport Bok Hee Ee.  The examples of hardship provided in Section

7  983(f)(1)(C), *i.e.,* the hardship would prevent an individual from working, indicate a clear

8  legislative intent that the hardship experienced must go beyond mere inconvenience to the

9  claimant.  Such circumstances are not present here.  As the United States correctly points out, the

10  Subject Vehicle is sought as transportation for Bok Hee Ee.  Section 983(f)(1)(C) does not

11  provide that the necessary hardship may be found on behalf of a non-claimant.

12  **D.  Claimant's Hardship Does Not Outweigh The Risks Posed To The Government**

13      Section 983(f)(1)(D) requires the district court to weigh the claimant's "likely hardship"

14  against the risk of loss, in its entirety or in value, to the subject property.  *U.S. v. Undertermined*

15  *Amount of U.S. Currency,* 376 F.3d 260, 265 (4th Cir. 2004).  Section 983(f) places great

16  emphasis on ensuring the preservation of any released property pending final disposition of

17  forfeiture proceedings.  *U.S. v. Undertermined Amount of U.S. Currency,* 376 F.3d 260, 265 (4th

18  Cir. 2004).

19      Claimant argues that the hardship posed to her by the United States' retention of the

20  Subject Vehicle outweighs the risk of loss to the United States.  In addition to the claimed

21  hardship discussed above, Claimant argues that the risk of loss to the United States is minimal

22  because (1) the Subject Vehicle continues to lose value, regardless of whether it remains in the

23  United States' possession or in Claimant's possession (Clmt.'s Mot. Release Vehicle, 5: 22-23,

24  Doc. 21); (2) the diminution in value to the Vehicle and the United States' interest thereof is

25  greater if the Subject Vehicle remained in the United States possession due to increasing storage

26  costs and because when the Vehicle sits idle for extended periods of time, the engine is damaged

27  (Clmt.'s Mot. Release Vehicle, 5-6, Doc. 21); and (3) Claimant would agree to maintain

28

insurance on the Subject Vehicle, which would negate any risk of damage to the Vehicle during the Vehicle's release.  (Clmt.'s Mot. Release Vehicle, 6: 9-10, Doc. 21.)

The United States responds that because there is no hardship to Claimant, the risk of loss to the United States can not be outweighed.  (U.S. Op., 9: 9-21, Doc. 30.)  The United States also argues that the Subject Vehicle would continue to depreciate in value when continuously used, and that because automobiles are transitory in nature, the Subject Vehicle could easily be concealed and rendered unavailable for trial and subsequent forfeiture.  (U.S. Op., 9: 9-28, Doc. 30.)

The Court agrees with the United States.  The United States' continued possession of the Subject Vehicle imposes no more than an inconvenience to Claimant.  Additionally, while the Court acknowledges the Subject Vehicle will depreciate regardless of whether it remains in storage or is used by Claimant, the fact that an automobile is transitory in nature poses a real risk to the United States that the Subject Vehicle would not be available at trial or a subsequent forfeiture.  This risk is not outweighed by the minimal hardship faced by Claimant.

### III.   CONCLUSION

Based on the foregoing, the Court DENIES the Petition of Judy Ee for Release of the Subject Vehicle.


IT IS SO ORDERED.

**Dated:**   **March 6, 2012**          **/s/ Barbara A. McAuliffe**
                                 UNITED STATES MAGISTRATE JUDGE